UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLIFFORD REED, JR.,

       Plaintiff,                               Case No.: 6:11-cv-1754-Orl-35KRS

v.

BETHUNE-COOKMAN UNIVERSITY, INC. and
BETHUNE-COOKMAN UNIVERSITY BOARD OF TRUSTEES,

       Defendants.

_____/

### DEFENDANT BETHUNE-COOKMAN UNIVERSITY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES IN RESPONSE TO COUNTS II, III, V AND VI OF PLAINTIFF'S COMPLAINT[1]

Defendant, BETHUNE-COOKMAN UNIVERSITY, INC. ("Defendant B-CU" or "Defendant"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 8 and 81(c)(2)(C), files its Answer and Affirmative Defenses in Response to Plaintiff's, CLIFFORD REED JR. ("Plaintiff"), Complaint, and states as follows:

1.      Admitted for jurisdictional purposes only, otherwise denied that Plaintiff is entitled to any such damages.

2.      Admitted that Plaintiff is Defendant B-CU's former men's head basketball coach, otherwise without knowledge, therefore denied.

3.      Admitted.

4.      Admitted that Bethune-Cookman University Board of Trustees serves as the Board of Trustees for Defendant B-CU.

---

[1] Defendants, Bethune-Cookman University, Inc. and Bethune-Cookman University Board of Trustees, also filed a Motion to Dismiss Counts I, IV and VII of Plaintiff's Complaint on November 7, 2011.

5.      Admitted.

6.      Admitted for purposes of venue only, otherwise denied.

7.      Admitted that Plaintiff was employed as men's head basketball coach pursuant to a contract with a term starting on July 1, 2005, and terminating on June 30, 2010.

8.      Denied as phrased.

9.      Admitted that Plaintiff's employment terminated on June 27, 2011, and the letter speaks for itself, otherwise denied.

10.      Admitted that Plaintiff's employment terminated on June 27, 2011, and that letter speaks for itself, otherwise denied.

11.      Denied.

## Count I – ERISA (Defendant B-CU)

12. – 18.  Defendant B-CU does not respond in this Answer to the allegations set forth in paragraphs 12 through 18 of Count I of Plaintiff's Complaint because Defendant filed a Motion to Dismiss Count I on November 7, 2011.

## Count II – DEFAMATION (Defendant B-CU)

19.      Defendant adopts its responses to Plaintiff's allegations in paragraphs 1 through 11 of the Complaint.

20.      Admitted that Plaintiff alleges defamation, otherwise denied.

21.      Admitted that Plaintiff was employed as men's head basketball coach, otherwise without knowledge and denied as phrased.

22.      Denied.

23.     Denied.

24.     Denied.

25.     Admitted that Plaintiff was complimented by Dr. Reed for his performance as men's basketball coach during successful 2010-2011 season.

26.     Denied.

27.     Admitted that termination received some media coverage, otherwise denied as phrased.

28.     Denied.

29.     Denied.

30.     Denied.

## Count III – BREACH OF EMPLOYMENT CONTRACT (Defendant B-CU)

31.     Defendant adopts its responses to Plaintiff's allegations in paragraphs 1 through 11 of the Complaint.

32.     Admitted that Plaintiff alleges breach of contract, otherwise denied.

33.     Denied.

34.     Denied.

35.     Admitted.

36.     Admitted that Plaintiff's employment terminated on June 27, 2011, and that letter speaks for itself.

37.     Denied.

38.     Denied.

39.     Denied.

## Count IV – WRONGFUL TERMINATION STEMMING
## FROM DUE PROCESS VIOLATION BY B-CU (Defendant B-CU)

40. – 47.  Defendant B-CU does not respond in this Answer to the allegations set forth in paragraphs 40 through 47 of Count IV of Plaintiff's Complaint because Defendant filed a Motion to Dismiss Count IV on November 7, 2011.

## Count V – COVENANT OF GOOD FAITH AND FAIR DEALING
## (Defendant B-CU)

48.     Defendant adopts its responses to Plaintiff's allegations in paragraphs 1 through 11 of the Complaint.

49.(a-g) Denied.

50.(a-d) Denied.

51.     Denied.

## Count VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (Defendant B-CU)

52-60. The Complaint does not contain paragraphs 52 through 60, therefore a response is not required or, alternatively, denied.

61.     Defendant adopts its responses to Plaintiff's allegations in paragraphs 1 through 11 of the Complaint.

62.     Denied.

63.     Denied.

64-65. The Complaint does not contain paragraphs 64 and 65, therefore a response is not required or, alternatively, denied.

66.     Denied.

67.     Denied.

4

68.     Denied.

69.     Denied.

70.     The Complaint does not contain paragraph 70, therefore a response is not required or, alternatively, denied.

### Count VII – WRONGFUL TERMINATION STEMMING FROM DUE PROCESS VIOLATION BY THE TRUSTEES (Defendant, B-CU Board of Trustees)

71. – 79.   Defendant B-CU Board of Trustees does not respond in this Answer to the allegations set forth in paragraphs 71 through 79 of Count VII of Plaintiff's Complaint because Defendant B-CU Board of Trustees filed a Motion to Dismiss Count VII on November 7, 2011.

### AFFIRMATIVE DEFENSES

1.     Plaintiff failed to mitigate his alleged damages, if any.

2.     Defendant is entitled to a setoff of damages, including but not limited to those amounts received by Plaintiff from collateral sources.

3.     Plaintiff's damages are too speculative to ascertain or enforce.

4.     Defendant acted reasonably and in good faith and without actual malice, malicious intent, negative intent or harmful intent at all relevant times.

5.     Plaintiff failed to exhaust his administrative remedies, prerequisites, and conditions precedent to filing suit.

6.     Plaintiff's Complaint fails to state a cause of action.

7.     Plaintiff's Complaint is barred by the economic loss rule.

8.     Plaintiff's defamation claim is barred because any statements made by

Defendant B-CU were true.

9.      The conditions precedent for Plaintiff to receive additional "rollover" year were not met or did not occur.

10.      Plaintiff has waived or is estopped from raising his breach of contract claim based on his own actions or inactions.

11.      Plaintiff's Complaint is barred by the applicable statute of limitations.

12.      Plaintiff waived his right to a jury trial.[2]

13.      Plaintiff's Complaint is barred by the doctrines of mutual mistake and/or unilateral mistake.

14.      The Plaintiff is a public figure for purposes of any alleged defamation claim, and Defendant has not acted with required malice or intent.

15.      Defendant never breached the contract with Plaintiff.

---

[2] The contract attached to Plaintiff's Complaint contains a "Waiver of Jury Trial" provision in paragraph 33 of the contract, and Defendants anticipate filing a Motion to Strike Plaintiff's Demand for Jury Trial in his Complaint after having a good faith conference with Plaintiff's counsel on this issue pursuant to Local Rule 3.01(g).

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November, 2011, I electronically filed the

foregoing with the Clerk of the Courts by using the ECF system which will send a notice

of electronic filing to all counsel of record.

> By: /s/ BRIAN D. RUBENSTEIN
> BRIAN D. RUBENSTEIN
> FBN: 0016997
> Counsel for Defendants
> Cole, Scott, & Kissane, P.A.
> 4301 W. Boy Scout Blvd.
> Suite 400
> Tampa, Florida 33607
> Tel: (813) 864-9324
> Fax: (813) 286-2900
> brian.rubenstein@csklegal.com

7